The Chief Justice
delivered the opinion of the court.*
This was an action ón a contract for the conveyance of a p¡ecfe 0f ]anc), Judgment was taken by default, and on the execution of a writ of enquiry, the circuit court deci-dec! that the jury had a right to presume fraud from the ft'ilure of the defendant to perform his cor.tract, unless he destroyed the presumption by other proof, and he having produced no such proof, the Court' instructed the jury, that the value of the land, at.the time of the mquest, together )th ^ va¡ue 0p the improvements on the land at the time ol the contract, formed the criterion ot damages,
It has been settled by a current of decisions in this court, at where one contracts to convey land, and is without J ' *397 fraud, unable to make a title, the measure of damages, to which the vendee is entitled, is the value of the land at the time of the sale, to be ascertained by the consideration fixed, or other evidence.
Pope for appellant,
Where the failure to convey lias been produced by the f aud of the vendor, á different nde prevails. 2 !3ibb, 543, Geraul t vs. Anderson.
Fraud will not be presumed, it must be proved.
Where the inability of the vendor has been produced by fraud on his part, a different rule has prevailed; but a failure to convey has never been adjudged to be evidence of a fraudulent inability, and we think ought not to be so adjudged. Fcr an inability to convey may, and frequently does, happen without fraud, and fraud is odious in law, and ought never 10 be presumed.
The judgment must be reversed with costs, and the cause be remanded, that $ writ of enquiry ckr.ovo may be awarded, &c.

Absent, Judge Logas,